IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MYRTLE SWEAZEA-COX,

        Plaintiff,

vs.                                                   No. CIV 99-0429 MV/LFG

UNITED STATES OF AMERICA,
EDMOND H. CASE III, JAMES W.
CATRON, CATRON COUNTY
SHERIFF'S DEPT., DOUGLAS W.
COPELAND, ADAM POLLEY,
CATRON COUNTY,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant Edmund H. Case III's Motion for a More Definite Statement, filed May 6, 1999 **[Doc. 5]**.[1] Plaintiff, proceeding *pro se*, has failed to respond to the Motion and therefore is deemed to consent to the granting of the Motion. D.N.M. Local Rule 7.5(b). The Court, having considered the motion and relevant law, and being otherwise fully informed, finds that the motion is well taken and will be **GRANTED**, as explained below.

### BACKGROUND

Plaintiff filed her Complaint on April 16, 1999. The Complaint includes language in which the Plaintiff refers to herself and the other parties to the lawsuit as the "verb," the "adverb," and

---

[1] It would appear that Judge Case's first name is incorrectly spelled "Edmond" in the Complaint.

the "noun." The Complaint does not include any specific cause of action or specific claims sufficient to determine the basis for Plaintiff's claim.

Rule 12(e) of the Federal Rules of Civil Procedure provides that:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.

Plaintiff must allege a specific cause of action or specific facts that will allow the Defendant to ascertain Plaintiff's cause of action. These allegations must explain what this Defendant did that allegedly harmed the Plaintiff, and the legal basis that gives this Court authority to grant relief. Because this Complaint fails to meet these requirements, and does not satisfy even the liberal requirements of notice pleading, the Court will require the Plaintiff to file a more definite statement as required by Rule 12(e).

In addition, Plaintiff has failed to respond to the Motion and therefore is deemed to consent to the granting of the Motion. D.N.M. Local Rule 7.5(b)

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant Edmund H. Kase III's Motion for a More Definite Statement, filed May 6, 1999 **[Doc. 5]** is hereby **GRANTED**.

MARTHA VÁZQUEZ
U. S. DISTRICT COURT JUDGE