IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MYRTLE SWEAZEA-COX,

        Plaintiff,

vs.                                         No. CIV 99-0429 MV/LFG

UNITED STATES OF AMERICA,
EDMOND H. CASE III, JAMES W.
CATRON, CATRON COUNTY
SHERIFF'S DEPT., DOUGLAS W.
COPELAND, ADAM POLLEY,
CATRON COUNTY,

        Defendants.

## **MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on the Motion to Dismiss filed by Defendants James W. Catron, Catron County Sheriff's Department, Douglas W. Copeland, Adam Polley and Catron County on May 12, 1999 **[Doc. 6]**. Plaintiff, proceeding *pro se*, has failed to respond to the Motion and therefore is deemed to consent to the granting of the Motion. D.N.M. Local Rule 7.5(b). The Court, having considered the motion and relevant law, and being otherwise fully informed, finds that the motion is well taken and will be **GRANTED**, as explained below.

Plaintiff filed her Complaint on April 16, 1999. The Complaint names James W. Catron, Catron County Sheriff's Department, Douglas W. Copeland, Adam Polley, Catron County and others as defendants. The Complaint includes language in which the Plaintiff refers to herself and the other parties to the lawsuit as the "verb," the "adverb," and the "noun." The Complaint does not include any specific cause of action or specific claims supported by factual allegations sufficient to determine Plaintiff's cause of action.

A court may not dismiss a cause of action under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts supporting his or her claim that would entitle him or her to relief. *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989). In considering a Rule 12(b)(6) motion, the court must assume as true all well-pleaded facts, and must draw all reasonable inferences in favor of the plaintiff. *Housing Auth. of the Kaw Tribe v. City of Ponca City*, 952 F.2d 1183, 1187 (10th Cir. 1991). The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support his or her claim. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). These deferential rules, however, do not allow the court to assume that a plaintiff "can prove facts that [he or she] has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). "[G]ranting a motion to dismiss is 'a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice.'" *Cayman Exploration Corp. v. United Gas Pipe Line Co.*, 873 F.2d 1357, 1359 (10th Cir. 1989) (quoting *Morgan v. City of Rawlins*, 792 F.2d 975, 978 (10th Cir. 1986)).

Although a *pro se* litigant's pleading must be liberally construed, Plaintiff must set forth facts upon which a legal claim can be based. Having read the Complaint, the Court cannot determine what claims are alleged, nor any of the facts supporting those claims. Therefore, the Complaint must be dismissed.

In addition, the Plaintiff has failed to respond to the Motion and therefore is deemed to consent to the granting of the Motion. D.N.M. Local Rule 7.5(b)

**CONCLUSION**

**IT IS THEREFORE ORDERED** that the Motion to Dismiss, filed May 12, 1999 by certain Defendants **[Doc. 6]**, is hereby **GRANTED**.  Defendants James W. Catron, Catron County Sheriff's Department, Douglas W. Copeland, Adam Polley and Catron County are dismissed from this action.

```
_____
MARTHA VÁZQUEZ
U. S. DISTRICT COURT JUDGE
```